UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.: 1:06 CR 558 |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| STEPHANIE ACIERNO, | ) | |
| | ) | |
| Defendant | ) | <u>ORDER</u> |

On July 7, 2007, a jury returned a verdict on a two-count Indictment against Defendant

Stephanie Acierno ("Defendant" or "Acierno" or "Stephanie").  (Verdict Form, ECF No. 54.)  The

jury found Defendant not guilty of Count One, conspiracy, and guilty of Count Two, using a facility

of interstate commerce, or aiding and abetting her boyfriend, Alan Kessler ("Kessler" or "Alan"),

in the use of a facility of interstate commerce, with the intent to murder her husband.  Now pending

before the court is Defendant's Motion for Judgment of Acquittal on Count Two of the Indictment.

(ECF No. 56.)  For the reasons set forth below, Defendant's Motion is denied.

## I. LEGAL STANDARD

On a Motion for Judgment of Acquittal pursuant to Federal Rule of Criminal Procedure 29,

a court must view the evidence in a light most favorable to the government. *Jackson v. Virginia*, 443

U.S. 307 (1979); *United States v. Ward*, 190 F.3d 483, 487, 488 (6th Cir. 1999).  In *Jackson*, the

Supreme Court held that "the relevant question is whether, after viewing the evidence in the light

most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 318-19. In *Ward*, the Sixth Circuit held that, although the evidence against the defendant ("Turnley") was meager, "we cannot say, particular given [two witnesses'] testimony, that no rational trier of fact could have found Turnley guilty beyond a reasonable doubt. . . . [T]hat is a credibility call for the fact finder and we are unable to say that no rational juror could convict on such evidence." *Ward*, 190 F.3d at 488.

## II. LAW AND ANALYSIS

Plaintiff argues that the government failed to prove an essential element of the crime alleged in Count Two of the Indictment, namely, that the proposed murder was to be committed "as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value." 18 U.S.C. § 1958(a). The statute defines "anything of pecuniary value" as "anything of value in the form of money, a negotiable instrument, a commercial interest, or anything else the primary significance of which is economic advantage." *Id.* ¶ 1958(b)(1). Money, drugs, insurance policies, and real estate can all satisfy this element. *United States v. Richeson*, 338 F.3d 653 (7th Cir. 2003) (citations omitted).

In the instant case, the transcript of a phone call made on September 20, 2006, shows the following conversation between Federal Bureau of Investigation Agent Charles Sullivan ("Agent Sullivan"), who was acting undercover as "Bob the Hitman" ("Bob"):

> "Bob":  I do owe Kyle a favor so he asked me if I could work it in that um . . . maybe not ask for so much money to do this if you anted me to do it I would do it um . . . you know, as a favor to Kyle.
>
> . . . .
>
> Alan:  Okay. Um . . . you said for not so much money. How much are we talking about then?
>
> "Bob":  Again, I owe . . . you know, Kyle asked me, you know, to

do it for you if you wanted to for nothing.

(Def.'s Ex. F, at 8-9.)

The transcript of a phone call made by Agent Sullivan to Kessler on September 26, 2006,

shows the following conversation:

| | |
|---|---|
| Sullivan: | Okay. Um, you know, since we're dealing with two people, now, is there any way I can, uh, you know, I've been out to, uh, Ashtabula once to meet, ya, and, you know, coming out there again, and then, you know, being out there a third time to actually do this stuff, any way I can get, uh, you know, maybe a hundred bucks to help pay my gas or anything? |
| Kessler: | Um (UI)[unintelligible] Yeah, ok, we can do that. |
| Sullivan: | Okay. I mean, do what you can, alright? You know, it[']s not uh . . . I'm not a millionaire, either. I'm sure you guys aren't. So you understand my pain. |
| Kessler: | Yeah, I know. Um . . . |
| Sullivan: | So if you can get me the, uh, you know, the pictures and maybe some bucks, you know, to pay for my expenses and for taking care of, you know, Chris and Sherrie for you, you know, that would be great. |
| Kessler: | Okay, yeah. Um, should I do that? . . . I'll, should I do that? Should I give that to him on Thursday when I see him? |
| Stephanie: | (UI) |
| Kessler: | Do you have any cash? Yeah. Stephanie said yeah, but it's gas money. That's all it is. |
| Sullivan: | Okay, that's fine. |
| Kessler: | So . . . um, yes, so I can get that to you Thursday. |
| Sullivan: | Okay. |

(Gov't's Ex. 11A, at 19- 20.)

Both the Indictment and the Jury Instructions state that the consideration in the instant case

is $100.00. (Indictment 4, ECF No. 12-3; Jury Instructions ¶ 20, ECF No. 53 (quoting Indictment)).

Defendant admits that the evidence presented at trial showed that Agent Sullivan received $100.00

from Kessler. (Def.'s Mot. at 7.) Defendant argues, however, that the audio transcript clearly

indicates that Defendant intended this money to compensate Agent Sullivan for fuel and expenses

only, and not in consideration of murder.  The government, on the other hand, argues that sufficient evidence was presented from which reasonable jurors could determine that Defendant made this statement due to her desire to avoid creating a money trail and her fear that Agent Sullivan was an undercover agent.  The government further argues that the jury "unanimously rejected" Defendant's characterization of the payment as merely for expenses.  (Gov't's Resp. in Opp'n 2, ECF No. 58.)

Courts have held that "[m]oney to cover incidental expenses rather than as compensation for carrying out the murder-for-hire does not meet § 1958's requirements." *United States v. Chong*, 419 F.3d 1076, 1083 (9th Cir. 2005) (citing *United States v. Ritter*, 989 F.2d 318, 321-22 (9th Cir. 1993), which held that paying defendant $70.00 to build a bomb, and making only vague promises to try to obtain a gun as payment, did not constitute consideration for murder).  Consequently, if the $100.00 in the instant case was intended only as money for gas and expenses, it would be insufficient to constitute consideration for murder-for-hire.

The two cases that Defendant discusses in support of its argument that Defendant did not satisfy the consideration requirement for a murder-for-hire conviction are inapposite.  In *United States v. Frampton*, 382 F.3d 213, 216-19 (2d Cir. 2004), the Second Circuit found that promise of an unspecified future favor was insufficient to constitute consideration, and affirmed the district court's acquittal on a murder-for-hire charge.  In contrast, in the instant case, although Agent Sullivan originally suggested he might commit the murder in return for a favor by a third party, he later asked for consideration by requesting $100.00.  Defendant also discussed *United States v. Chong*, 419 F.3d 1076, 1082-83 (9th Cir. 2005), in which the Ninth Circuit reversed a conviction for murder-for-hire where the defendant paid a man to travel across the country to perform an unspecified job, and was not told until he arrived at his destination that the job entailed murdering

someone.  In contrast, Agent Sullivan had numerous conversations with Defendant and Kessler about murdering Defendant's husband.  Therefore, neither of these cases are persuasive.

Likewise, the first case that the government discusses is not relevant to the issue presently before the court.  In *United States v. Washington*, 318 F.3d 845, 854 (8th Cir. 2003), the Eighth Circuit held that two and a half ounces of heroin constituted consideration sufficient to support a murder-for-hire conviction.  However, as Defendant is not challenging the form or amount of the payment, but instead what the payment was intended to compensate, *Washington* is not helpful.  The government also discusses *United States v. Richeson*, 338 F.3d 653, 659 (7th Cir. 2003), in which the Seventh Circuit held that the defendant's "promise to get them money for guns, which they would keep, and to involve them in future crimes, which would yield cash profits . . . . constitutes a bargained-for exchange for something of value and therefore amounts to consideration under the murder-for-hire statute."  The government characterizes the money for guns in *Richeson* as "'expense' money."  (Gov't's Resp. in Opp'n at 4.)  To the extent that the government suggests that expense money is sufficient to constitute consideration, the court rejects the proposition.  Furthermore, the money for guns in *Richeson* is not "expense money," as the coconspirators were going to be allowed to keep the guns.

However, *Richeson* does provide instruction regarding a defendant's intent to compensate someone for murder.  The defendant in *Richeson* argued that "he never directly promised his coconspirators compensation, and even assuming he had, he never reached an enforceable agreement as to the terms of payment."  *Id.* at 657.  The Seventh Circuit rejected this argument, finding that although the defendant was "vague and cautious in his speech, nevertheless [he] was fully aware of his need to compensate his coconspirators to carry out the murders."  *Id.* at 658.  Although the facts

in the instant case are not as strong as those in *Richeson*, there is evidence that on September 20, 2006, Kessler asked Agent Sullivan how much payment was required.  In addition, there is evidence that on September 26, 2006, Kessler agreed to pay Agent Sullivan $100.00 for gas, expenses, and for the murders, despite Defendant's statement that she wanted the money to be only for gas and expenses.  Consequently, viewing the evidence in the prosecution's favor, the court finds that a rational jury could reject Defendant's testimony that she and/or Kessler paid Agent Sullivan $100.00 solely for gas and expenses, and find instead that the money was paid in consideration for the proposed murder.  As such, the court denies Defendant's Motion for Judgment of Acquittal (ECF No. 56).

## III. CONCLUSION

For the reasons stated above, Defendant's Motion for Judgment of Acquittal (ECF No. 56) is hereby denied.

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

October 15, 2007